UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARMANDO SAUCEDO, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. 4:14-cv-2401 |
| | § | |
| ALAIN ROUHANA, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

**I.    INTRODUCTION**

Pending before the Court are the defendants, Alain Rouhana ("Rouhana"), and JPMorgan Chase Bank, N.A. ("JPMC") (Rouhana and JPMC, collectively the "defendants"), separately-filed motions to dismiss the plaintiff's First Amended Complaint for failure to state a claim. (Dkt. Nos. 7 & 8, respectively). The plaintiff, Armando Saucedo (the "plaintiff"), has filed a belated response in opposition to the motions. (Dkt. No. 12). After having carefully considered the motions, response, the pleadings, and the applicable law, the Court determines that the defendants' motions to dismiss should be **GRANTED**.

**II.    FACTUAL BACKGROUND**

This case concerns the plaintiff's challenge to the July 1, 2014 foreclosure sale of the property located at 30703 Coco Street, Cypress, Texas 77433. On or about September 24, 2008, the plaintiff executed a Note payable to Freedom Mortgage Corporation. (Dkt. No. 1, Ex. 1; *see also* Dkt. No. 6, ¶ 5). Simultaneously with the execution of the Note, the plaintiff executed a Texas Home Equity Security Instrument ("Security Instrument") encumbering the real property located at 30703 Coco Street, Cypress, Texas 77433 (the "property"). (*Id.*) The Note and

Security Instrument were subsequently assigned to JPMC, with JPMC acting as mortgage servicer. (Dkt. No. 6, ¶ 6.).

Subsequently, the plaintiff began to experience financial difficulties and contacted JPMC in an attempt to obtain a loan modification so as to avoid defaulting on his mortgage payments. The plaintiff alleges that, during this time, he was advised by JPMC's representatives that: (1) JPMC would not take any action to foreclose on his property while the loan was in modification status; and (2) an agreement memorializing the parties' terms was being drafted contemporaneously with the parties' conversation. (*See* Dkt. No. 6, ¶ 8.) He also alleges that JPMC even postponed a foreclosure sale in compliance with the parties' agreement. (*Id.*) On July 1, 2014, JPMC foreclosed on the property with Rouhana purchasing the property at the sale. The plaintiff asserts that while awaiting confirmation of the loan modification agreement with JPMC, he was served with a petition for forcible detainer by Rouhana. (*Id.* at ¶ 9.)

Consequently, on August 14, 2014, the plaintiff filed suit against JPMC and Rouhana in the 215th Judicial District Court of Harris County, Texas to contest foreclosure of the property, asserting claims for breach of contract, fraud, promissory estoppel, and attorneys' fees. Rouhana timely removed the case to this Court, which has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.[1] The defendants now move to dismiss the plaintiff's claims for failure to state a claim.

### III.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). Under the demanding strictures of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as

---

[1] The fair market value of the subject real property is estimated at $164,277.88. (*See* Dkt. No. 1)

true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) (citing *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991)). Dismissal is appropriate only if, the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed.2d 929 (2007). Moreover, in light of Federal Rule of Civil Procedure 8(a)(2), "[s]pecific facts are not necessary; the [factual allegations] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L. Ed.2d 1081 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964). Even so, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964 - 65 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986)).

In *Ashcroft v. Iqbal*, the Supreme Court expounded upon the *Twombly* standard, reasoning that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1955). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that

the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

Nevertheless, when considering a 12(b)(6) motion to dismiss, the Court's task is limited to deciding whether the plaintiff is entitled to offer evidence in support of his or her claims, not whether the plaintiff will eventually prevail. *Twombly*, 550 U.S. at 563, 127 S. Ct. at 1969 n.8 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed.2d 90 (1974)); *see also Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).  In this regard, its review is limited to the allegations in the complaint and to those documents attached to a defendant's motion to dismiss to the extent that those documents are referred to in the complaint and are central to the claims. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).  The Court may also, however, "take judicial notice of documents in the public record . . . , and may consider such documents in determining a motion to dismiss."  *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 640 n. 2 (5th Cir. 2005) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 - 18 (5th Cir. 1996).  "Such documents should be considered only for the purpose of determining what statements [they] contain, not to prove the truth of [their] contents."  *Lovelace*, 78 F.3d at 1018 (internal citation omitted).  "If, based on the facts pleaded and judicially noticed, a successful affirmative defense appears, then dismissal under Rule 12(b)(6) is proper."  *Hall v. Hodgkins*, No. 08-40516, 2008 WL 5352000, *3 (5th Cir. Dec. 23, 2008) (citing *Kansa Reinsurance Co., Ltd. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994)).

## IV.   ANALYSIS AND DISCUSSION

### A.   The Plaintiff's Breach of Contract Claim

The essential elements of a breach of contract claim under Texas law are:  "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3)

breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (quoting *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.-Houston [14th Dist.] 2005, pet. denied)).

In his First Amended Complaint, the plaintiff alleges that JPMC breached an oral agreement not to foreclose on the property while his loan was being considered for modification.[2] Nevertheless, the plaintiff has failed to set forth facts sufficient to support the existence of a valid oral contract with JPMC. Additionally, even assuming the existence of a valid oral agreement between the parties, the statute of frauds applies to preclude its enforcement.

Under Texas law "[a] loan agreement in which the amount involved . . . exceeds $50,000 in value is not enforceable unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative." *See* Tex. Bus. & Comm. Code § 26.02(a)(2) & (b). The term "'[l]oan agreement' means one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust . . . or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment . . . ." Tex. Bus. & Com. Code § 26.02(a)(2).

"When a modification encompasses or relates to a matter that must be in writing, the modification is unenforceable unless it is also in writing." *Deuley v. Chase Home Fin. LLC*, No. H-05-04253, 2006 WL 1155230 at *2 (S.D. Tex. April 26, 2006) (citing *Garcia v. Karam*, 276 S.W.2d 255, 257 (Tex. 1955)). Accordingly, since the Note and Security Instrument in this case

---

[2] In his response to the defendants' motion to dismiss, the plaintiff also attempts to assert an estoppel-by-waiver exception to the statute of frauds. Specifically, the plaintiff contends that he "is not strictly seeking to enforce the oral agreement to modify the loan [but] . . . he is also asserting a more limited claim that [JPMC] cannot assert that he is in default under the original loan because it was [JPMC]'s representations that induced the default." (Dkt. No. 12 at 1). Notwithstanding the fact that this argument is not properly before the Court, the Court, nevertheless, remains unpersuaded by the plaintiff's argument in this regard and finds it unavailing. *See Ndukwe v. HSBC Bank USA, N.A.*, Civil Action No. H-14-400, 2014 WL 1653088, *5 (S.D. Tex. April 24, 2014) (reasoning that the oral promises alleged by the plaintiff do not waive the statute of frauds' requirement).

constitute a loan agreement and are for $150,000, they are subject to the statute of frauds. Likewise, because the plaintiff's alleged oral loan modification relates to the Note and Security Instrument, it must also be in writing in order to comply with the statute of frauds. Therefore, the defendants are entitled to a dismissal of the plaintiff's breach of contract claim as it is barred by the statute of frauds.

### B. The Plaintiff's Fraud Claim

"To prevail on a fraud claim under Texas law a plaintiff must prove that (1) the defendant made a material representation that was false; (2) the defendant knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth; (3) the defendant intended to induce the plaintiff to act upon the representation; (4) the plaintiff actually and justifiably relied upon the representation; and (5) the plaintiff thereby suffered an injury." *Felder v. Countrywide Home Loans*, No. H-13-0282, 2013 WL 6805843, *19 - 20 (S.D. Tex. Dec. 20, 2013) (citing *Ernst & Young, L.L.P. v. Pacific Mut. Life. Ins. Co.*, 51 S.W.2d 573, 577 (Tex. 2001)). Further, "Rule 9(b) requires that plaintiffs plead enough facts to illustrate 'the 'who, what, when, where, and how' of the alleged fraud.'" *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2005) (citing *Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005) (quoting *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)).

In his First Amended Complaint, the plaintiff asserts that JPMC made false representations to him when informing him that it would not take any action to foreclose on the property while they researched and resolved his situation. These vague allegations, without more, fail to satisfy the particularity requirements mandated by Rule 9(b) for fraud claims. Simply put, vague references to JPMC's representatives and statements that they purportedly

made subsequent to any oral agreement will not suffice. Indeed, the plaintiff has not only failed to plead the "time, place, and contents of the false representations" but he has also failed to provide the identity of the individuals making these misrepresentations. *Shushany v. Allwaste, Inc.*, 992 F.2d 517, 520 (5th Cir. 1993) (citing *Tel–Phonic Services, Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992) ("At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.")). Thus, the defendants are entitled to a dismissal of the plaintiff's fraud claim for failure to state a claim.

### C. The Plaintiff's Promissory Estoppel Claim

Generally, "[t]he elements of a promissory-estoppel claim are (1) a promise; (2) foreseeability of reliance by the promisor; (3) actual, substantial, and reasonable reliance by the promisee to its detriment; and (4) injustice that can be avoided only by enforcement of the promise." *Ellen v. F.H. Partners, LLC*, No. 03-09-00310-CV, 2010 WL 4909973, at *4 (Tex. App. –Austin Dec. 1, 2010, no pet.) (citing *In re Weekley Homes, L.P.*, 180 S.W.3d 127, 133 (Tex. 2005)). "For promissory estoppel to create an exception to the statute of frauds [however], there must have been a promise to sign a written agreement that had been prepared and that would satisfy the requirement of the statute of frauds." *1001 McKinney Ltd. v. Credit Suisse First Boston Mortg. Capital*, 192 S.W.3d 20, 29 (Tex. App.-Houston [14th Dist.] 2005, pet. denied) (citing *Nagle v. Nagle*, 633 S.W.2d 796, 800 (Tex. 1982)); *see also Williams v. Wells Fargo Bank, N.A.*, No. 13–10233, 2014 WL 1044304 (5th Cir. Mar. 19, 2014) (internal citations and quotations omitted) ("The claim that Wells Fargo said the Williamses had been approved for a modification . . . does not include an allegation that there was a modification agreement that had already been prepared or whose wording had been agreed upon that would satisfy the statute

of frauds."). In other words, "[p]romissory estoppel sufficient to remove a contract from the statute of frauds requires that the promisor agree to sign a document that had already been prepared or 'whose wording had been agreed upon' that would satisfy the statute of frauds." *1001 McKinney Ltd.*, 192 S.W.3d at 29 (citing *Southmark Corp. v. Life Investors, Inc.*, 851 F.2d 763, 769 (5th Cir. 1988)).

Here, the promissory-estoppel exception to the statute of frauds does not apply as the plaintiff has only alleged the existence of an oral agreement and has failed to allege that JPMC agreed or promised to sign an existing agreement related to a loan modification sufficient to satisfy the statute of frauds. *See George–Baunchand v. Wells Fargo Home Mortg., Inc.*, No. H-10–3828, 2011 WL 6250785, at *7 (S.D. Tex. Dec. 14, 2011) (quoting *Beta Drilling, Inc. v. Durkee*, 821 S.W.2d 739, 741 (Tex. App.-Houston [14th Dist.] 1992, writ denied) ("A promise to prepare a written contract is not sufficient. The defendant must have promised to sign a particular agreement which was in writing at the time."). Thus, the Court concludes that the defendants are entitled to a dismissal of the plaintiff's promissory estoppel claim.

### D. The Plaintiff's Claim for Attorney's Fees

"As a general rule, attorney's fees are not recoverable in Texas unless provided for by contract or by statute." *Lopez v. Los Cielos Homeowners Ass'n, Inc.*, No. 11–11–00102–CV, 2013 WL 1636433, at *2 (Tex. App.-Eastland Apr. 11, 2013, no pet.) (citing *Dallas Cent. Appraisal Dist. v. Seven Inv. Co.*, 835 S.W.2d 75, 77 (Tex. 1992)). The Texas Civil Practice & Remedies Code "provides that reasonable attorney's fees may be recovered in certain types of suits, such as suits on a sworn account or a written contract." *Id.* (citing Tex. Civ. Prac. & Rem. Code § 38.001). In order to recover attorney's fees pursuant to § 38.001, "a party must (1) prevail on a cause of action for which attorney's fees are recoverable, and (2) recover damages."

*Bennigan's Franchising Co., LLC v. Team Irish, Inc.*, No. 3:11–CV–0364–D, 2011 WL 3903068, at *3 (N. D. Tex. Sept. 6, 2011) (internal citation omitted). Because the plaintiff has failed to allege a viable cause of action, his request for attorney's fees is also denied. *Id.*

## V.  CONCLUSION

Based on the foregoing analysis and discussion, the defendants' motions to dismiss are **GRANTED**. Further, since under the facts of this case, any amendment would be futile, the dismissal is with prejudice and without leave to amend.

It is so **ORDERED**.

SIGNED on this 4th day of August, 2015.

_____
Kenneth M. Hoyt
United States District Judge